**UNITED STATES of America,**
**Appellee,**

v.

**Dominick CURRA, Defendant–**
**Appellant.**

No. 03–1743.

United States Court of Appeals,
Second Circuit.

April 20, 2005.

Katya Jestin, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Laura A. Oppenheim (Joseph R. Corozzo and Nicholas J. Pinto, on the brief), Rubinstein & Corozzo, LLP, New York, NY, for Appellees.

Present: KEARSE, CABRANES, Circuit Judges and KORMAN,* District Judge.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case be and hereby is **REMANDED.**

Defendant Dominick Curra appeals from a judgment in a criminal case, pursuant to his plea of guilty to conspiracy to transport stolen property in interstate commerce and to commit wire fraud, in violation of 18 U.S.C. § 371. The District Court sentenced defendant principally to a term of 60 months' imprisonment, and defendant now challenges this sentence on three grounds. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

First, defendant argues that, in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentence is constitutionally infirm. Second, defendant argues that the District Court erred by increasing defendant's offense level under the United States Sentencing Guidelines (the "Guidelines") by 13 points, pursuant to U.S.S.G. § 2F1.1(b)(1)(N) (2000). Finally, defendant argues that the District Court erred by denying his application for a three-level decrease in the offense level under the Guidelines, pursuant to U.S.S.G. § 2X1.1(b)(2) (2000).

We are mindful that shortly before oral argument in this case the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Guidelines advisory and non-binding. Defendant has informed this Court that he seeks a remand in light of the *Booker* decision and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Accordingly, this case is remanded so that the District Court may consider whether to resentence defendant, in conformity with the current-ly applicable statutory requirements explicated in the *Crosby* opinion.

Any appeal taken from the District Court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

As the District Court is required to take the Guidelines into account in deciding whether to resentence, we note that although we see no error in the Court's interpretation of Guidelines § 2F1.1(b)(1)(N), its treatment of the § 2X1.1(b)(2) issue may be problematic. The provision of § 2X1.1(b)(2) invoked by defendant states that the sentencing court is to "decrease by 3 levels" the offense level applicable to a conspiracy (where not covered by a specific offense guideline), "unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense." U.S.S.G. § 2X1.1(b)(2). Here, defendant requested an offense-level reduction pursuant to this provision on the basis that the coconspirators had not done all they believed necessary to complete the substantive offense because they had given the pictures to Gesser only for him to evaluate, not to buy or sell. (*See, e.g.,* Sentencing Tr., Oct. 24, 2003, at 54.) In denying this request, the District Court did not make any formal findings, and its comments seem to indicate that it believed that defendant's argument was, instead, that the coconspirators' objective was unattainable simply because Gesser was an informant. (*See id.* at 57, 59–60.) As the Court indicated, that status is not a basis for a § 2X1.1(b)(2) reduction. However, the Court should make a finding with respect to defendant's argument that the coconspirators had not done all they believed necessary to complete the substantive offense. If the Court accepts that argument, it should consider whether

to reduce defendant's sentence in accordance with § 2X1.1(b)(2).